# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MATTHEW DAVID JAQUA,

       Defendant-Appellant.

UNPUBLISHED
November 16, 2017

No. 334962
Alger Circuit Court
LC No. 2016-002179-FC

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a); MCL 750.520b(2)(b) (sexual penetration of a child under 13 by an individual 17 years of age or older), and three counts of CSC-I, MCL 750.520b(1)(b)(*ii*) (sexual penetration of a victim age 13 through 15 by an individual related to the victim by blood). Defendant appeals as of right. For the reasons explained in this opinion, we affirm.

Defendant's convictions resulted from his sexual abuse of his daughter, who was 21 years old at the time of the trial. At trial, the complainant testified that defendant first sexually abused her when she was in the first grade, when he rubbed her genitals. When she was 10 or 11 years old, defendant started to take "naps" with the complainant, during which he touched and digitally penetrated the complainant. Later, beginning when the complainant was 12, defendant penetrated the complainant's vagina with his penis. Before she turned 13, he also forced her to engage in oral sex. These acts continued on a routine basis until after the complainant turned 16-years-old. Defendant admitted that he inappropriately touched the complainant; but, he claimed the touching was accidental and occurred when she was 15. He also admitted that they engaged in oral sex as well as vaginal penetration; but, defendant claimed that these acts did not occur until the complainant was 16-years-old. At trial, the prosecutor also presented testimony from defendant's two younger sisters, both of whom testified to acts of sexual touching and penetration that defendant perpetrated on them when they were children. Following a bench trial, defendant was convicted as noted above. Defendant now appeals as of right.

Defendant first argues that the evidence was insufficient to convict him of the three counts of CSC-I involving a victim under age 13. Specifically, defendant claims that the victim

-1-

was uncertain as to the timeline of events and that, in these circumstances, the prosecutor failed to establish that the penetrations occurred when the victim was under the age of 13.

This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). To determine if the prosecutor produced evidence sufficient to support a conviction, we consider "the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citation omitted). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002). "All conflicts in the evidence must be resolved in favor of the prosecution," and this Court "will not interfere with the fact-finder's role of deciding the credibility of the witnesses." *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016).

To demonstrate that defendant was guilty of CSC-I under MCL 750.520b(1)(a), the prosecutor had to prove beyond a reasonable doubt that "(1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Defendant's three convictions under MCL 750.520b(1)(a) were premised on one act of vaginal-penile penetration, one act of cunnilingus, and one act of fellatio. Defendant argues that it was not established beyond a reasonable doubt that the complainant was under 13 years of age at the time of the first penile penetration and the first acts of cunnilingus and fellatio.

The complainant testified that defendant began "raping" her by putting his penis in her vagina during the summer between fifth and sixth grade, when she was 12 years old. She recalled fifth grade because that is when a divorce and two deaths occurred in the family, and she was "very certain" that this is when the intercourse began. She also remembered that it was summer because they had recently been camping. She reported that the sexual penetrations were very frequent and became routine, and she described various locations and positions in which the sex occurred. Because she was very certain that defendant had penetrated her vagina with his penis before she turned 13 years old, the evidence was sufficient to support defendant's conviction of CSC-I by vaginal-penile penetration while the victim was less than 13 years old.

Regarding the acts of cunnilingus and fellatio, the complainant said that she was "kind of blurry" in remembering when defendant began having oral sex with her, but concluded that it was after she returned to sixth grade and about one or two months after the vaginal sex began. Although she conceded on cross-examination that it was "possible" that oral sex began after she turned 13, the victim clarified on redirect that she was "confident" that oral sex began between the start of sixth grade and before she turned 13 years old in April 2007. She described defendant performing cunnilingus, and forcing her to perform fellatio. She said that both types of oral sex began together, and that oral sex and vaginal sex both occurred during the same encounters. This evidence, viewed in the light most favorable to the prosecutor, would allow a rational trier of fact to find defendant guilty of the two CSC-I charges involving oral penetration of a victim less than 13 years old beyond a reasonable doubt.

Next, defendant argues that the trial court should have excluded the testimony of his sisters, A.H. and B.N., regarding previous acts of sexual abuse because, even if relevant, their testimony was unduly prejudicial.

Whether bad acts evidence was properly admitted is reviewed for an abuse of discretion. *People v McGhee*, 268 Mich App 600, 636; 709 NW2d 595 (2005). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). When an evidentiary question involves a preliminary question of law, such as whether a rule of evidence or statute precludes the admission of evidence, this Court reviews the question of law de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).

MCL 768.27a(1) provides, in relevant part, that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." CSC-I is a listed offense. *People v Buie*, 298 Mich App 50, 71; 825 NW2d 361 (2012). The other-acts evidence admitted under MCL 768.27a(1) may be considered for its bearing on *any* matter to which it is relevant, including "the likelihood of a defendant's criminal sexual behavior toward other minors." *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007). In other words, MCL 768.27a(1) allows for the admission of propensity evidence. See *People v Duenaz*, 306 Mich App 85, 99; 854 NW2d 531 (2014).

However, evidence otherwise admissible under MCL 768.27a(1) remains subject to MRE 403. *People v Watkins*, 491 Mich 450, 481-486; 818 NW2d 296 (2012). Under MRE 403, relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Notably, when applying the MRE 403 balancing test in the context of MCL 768.27a(1), the propensity inference must be weighed in favor of the evidence's probative value rather than in favor of its prejudicial effect. *Watkins*, 491 Mich at 486-487, 497.

> This does not mean, however, that other-acts evidence admissible under MCL 768.27a may never be excluded under MRE 403 as overly prejudicial. There are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*Watkins*, 491 Mich at 487-488.]

In this case, A.H., who was six years younger than defendant, testified that defendant sexually abused her from about 1987 to 1992, when she was ages 5 through 10. A.H. described how defendant gradually increased his level of sexual behavior with her, beginning with looking, then touching, then oral sex, and then genital penetration that was monthly or bi-weekly. A.H. reported the sexual abuse to her friend and school authorities when she was in fifth grade. B.N., who was nine years younger than defendant, stated that defendant began molesting her when she

was five years old and continued until she was nine years old, when he moved away. B.N. first disclosed the abuse to A.H. in 2013, several months before they learned that the complainant had been molested. B.N. reported that the abuse occurred every other month and that defendant fondled her vagina, had her touch his penis, penetrated her vagina with his penis on at least one occasion, and showed another brother how to molest her.

This other-acts evidence was relevant under MCL 768.27a because it demonstrated defendant's propensity to force young female members of his immediate family to engage in sexual activities, including sexual touching, penile-vaginal penetration, and oral sex. Under *Watkins*, this propensity inference weighs in favor of the evidence's admission. See *Watkins*, 491 Mich at 486-487, 497. Further, considering the factors identified in *Watkins*, the other-acts evidence in this case was not unfairly prejudicial under MRE 403. The other-acts are similar to defendant's abuse of his daughter. In each instance, defendant's conduct showed a progression of sexual acts, beginning with touching and escalating to oral sex and vaginal penetration. The female victims were all related to defendant, they were of similar ages when the abuse began, and in each case the abuse occurred regularly for a period of years, stopping only when defendant left the home, had been confronted by others, or had not been able to access the complainant. Although defendant's abuse of his sisters occurred several years before his abuse of his daughter, there was no evidence presented that the reports of B.N. or A.H. were unreliable. Defendant in fact admitted inappropriate sexual touching with A.H. Finally, there was a need for evidence outside of defendant's and the complaint's testimony given the dispute over when defendant began to sexually penetrate the complainant, the complainant's delay in reporting the abuse, and the lack of physical evidence. That is, the young age at which defendant's sisters were first subjected to sexual penetration by defendant tends to make it less likely that he waited until his daughter was 16 before forcing her to engage in sexual penetration. Ultimately, while defendant claims that it is unfair to use his past conduct against him, MCL 768.27a allows for the introduction of propensity evidence. Weighing the propensity inference in favor of admission, although this evidence was prejudicial, it was not unfairly prejudicial. Thus, the trial court did not abuse its discretion by admitting the other acts testimony from defendant's sisters under MCL 768.27a to demonstrate defendant's likelihood of criminal sexual behavior toward other minors.

Next, defendant asserts that his presentence investigative report (PSIR) should have been corrected. According to defendant, the PSIR indicates that he was convicted of CSC-I at the age of 16, when in actuality he was convicted of assault based on conduct with A.H. that occurred when he was 12 or 13 years old.

"We review a trial court's response to a claim of inaccuracy in the PSIR for an abuse of discretion." *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010). "There is a presumption that the information contained in the PSIR is accurate unless the defendant raises an effective challenge." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). "[T]he PSIR should accurately reflect any determination the sentencing judge has made regarding the accuracy or relevance of its information." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009).

In this case, in the "family" section, defendant's PSIR states:

It should be further noted the defendant was convicted of Criminal Sexual Conduct 1st degree as a 16 year old juvenile for forcing penile-vaginal intercourse on his sister [A.H.]. The defendant received probation and counseling with the charge of CSC 1st Degree ultimately being reduced to Assault and Battery and being expunged to allow entrance to the United States Armed Forces.

Defendant argues that this report is inaccurate because he had been convicted of assault, rather than CSC-I, and the sexual abuse of A.H. occurred when he was 12 or 13 years old, rather than 16 years old. However, in the "Adult History" section of the PSIR, it states that defendant had been convicted by plea of CSC-I on June 7, 1993, and that the trial court amended the disposition to assault and battery on October 21, 1996 and ordered the record expunged. In other words, defendant was convicted of CSC-I, which was later reduced to assault and battery. This information is reflected in the PSIR, and defendant has not shown any inaccuracy. While defendant was convicted at 16-years-old, the offense date is listed as July 15, 1992 (when defendant was 15 years old). A.H. stated that the sexual abuse took place from 1987 to 1992, meaning there was evidence to support the conclusion that defendant sexually assaulted A.H. when he was 10 to 15 years old. Accordingly, the portion of the PSIR challenged by defendant does not appear to be inaccurate, and the trial court did not abuse its discretion by not making changes to the PSIR.

Finally, defendant argues that the trial court erred in ordering restitution. According to defendant, there is no documentation supporting the amount of restitution imposed and the trial court failed to make factual findings to support the imposition of restitution. He maintains that a remand for a restitution hearing is necessary to determine the proper amount of restitution.

Both the crime victim's rights Act, MCL 780.751 *et seq.*, and the general restitution statute, MCL 769.1a, provide that sentencing courts "shall order" convicted defendants to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . ." MCL 769.1a(2); MCL 780.766(2); *People v Garrison*, 495 Mich 362, 367; 852 NW2d 45 (2014). The purpose of restitution laws is "to enable victims to be compensated fairly for their suffering at the hands of convicted offenders." *Garrison*, 495 Mich at 368 (citation omitted). To determine the amount of restitution, "the court shall consider the amount of the loss sustained by any victim as a result of the offense." MCL 780.767(1). The prosecution must prove the amount of the victim's loss by a preponderance of the evidence. MCL 780.767(4). However, "[o]nly an actual dispute, properly raised at the sentencing hearing in respect to the type or amount of restitution, triggers the need to resolve the dispute by a preponderance of the evidence." *People v Grant*, 455 Mich 221, 243; 565 NW2d 389 (1997).

Here, the trial court ordered defendant to pay $1,458 in restitution to the complainant. As detailed in the PSIR, the amount consists of lost wages for the work the complainant missed due to the trial and the rent the complainant paid for eight months after she was forced to move out of the family home to evade defendant's abuse. While defendant now argues that there was insufficient documentation for this amount and that the trial court failed to make factual findings to support this award, defendant did not challenge the restitution amount at sentencing. As such, the trial court was not required to make express findings on the record regarding the amount of restitution, *Grant*, 455 Mich at 243-244, and trial court properly utilized the amount calculated in

the PSIR. See MCL 780.767(2); *People v Bryant*, 319 Mich App 207, 212; 900 NW2d 360 (2017).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro