# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAKOTA LEE TURN,

        Defendant-Appellant.

FOR PUBLICATION
October 11, 2016
9:05 a.m.

No. 327910
Lapeer Circuit Court
LC No. 13-011493-FC

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Dakota Lee Turn, appeals by leave granted[1] from the trial court's order of restitution following his plea of guilty to a charge of assault with intent to commit murder, MCL 750.83. The trial court sentenced Turn as a third habitual offender, MCL 769.11, to serve 18 ½ to 35 years in prison for the conviction. Additionally, the court ordered Turn to pay restitution to Nathaniel Scramlin, the individual he assaulted, and Scramlin's insurer. On appeal, Turn challenges the court's ability to order him to pay restitution to Scramlin for his loss of accumulated sick, personal, and vacation time. Because we conclude that the William Van Regenmorter Crime Victim's Rights Act, MCL 780.751 *et seq.*, requires full restitution to crime victims, we affirm.

## I. BASIC FACTS

During the plea hearing, Turn admitted that he stabbed Scramlin several times in the back and side. As a result of Turn's assault, Scramlin was taken to the hospital, received numerous stitches, remained hospitalized for two and a half to three days, and, pursuant to his doctor's orders, was unable to immediately return to work following his release from the hospital.

At sentencing, the trial court ordered Turn to pay $17,744.44 in restitution. Turn moved for resentencing, challenging the propriety of the restitution order. The trial court scheduled a restitution hearing, where it heard testimony from Scramlin. Following the hearing, the court

---

[1] *People v Turn*, unpublished order of the Court of Appeals, entered July 31, 2015 (Docket No. 327910).

ordered Turn to pay $7,957.86 to Scramlin's insurer for actual medical expenses and $100 to Scramlin for the loss of his jacket.[2] The court ordered additional briefing and allowed for the submission of additional evidence on the question of whether Scramlin was entitled to restitution for the loss of accumulated sick, personal, and vacation time taken after the assault and, if so, how much he was entitled to receive.

It is undisputed that Scramlin, who was employed by the Michigan Economic Development Corporation as a community assistance specialist, had to use 112 hours of sick, personal, and vacation time in order to recuperate from his injuries. Scramlin was compensated by his employer at an after-tax rate of $19.23 per hour for the time he used. Scramlin testified that the time he used was no longer available. He also stated that accumulated leave time was payable by his employer upon termination of employment.

The trial court concluded that Scramlin had only received compensation for his time away from work by depleting his accumulated sick, personal, and vacation time. The court reasoned that the depletion of accumulated time represented a loss to Scramlin, who could not use the time in the future, either for its intended purpose or for monetary compensation upon termination of his employment. The court found that in order to award "full restitution" as required by MCL 780.766(2) Scramlin needed to be compensated for the loss of accumulated leave time. The court found that the economic benefit of the lost time was $2,153.77.[3]

## II. RESTITUTION

### A. STANDARD OF REVIEW

Turn argues that the trial court erred in ordering him to reimburse Scramlin for his lost sick, personal, and vacation time. We review a trial court's factual findings related to an order of restitution for clear error. *People v Garrison*, 495 Mich 362, 366-367; 852 NW2d 45 (2014). A factual finding is clearly erroneous where "the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (citation and quotation omitted). A trial court's restitution order is reviewed for an abuse of discretion. *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Pinkney*, ___ Mich App ___, ___; ____ NW2d ____ (2016) (Docket No. 325856); slip op at 11 (citation omitted). Questions of statutory interpretation are reviewed de novo. *Gubachy*, 272 Mich App at 708.

---

[2] This portion of the restitution order has not been challenged on appeal.

[3] The trial court reached this amount by multiplying the number of hours of sick, personal, and vacation time that Scramlin used by his after-tax hourly rate of $19.23. On appeal, Turn has not challenged the amount of restitution awarded.

B. ANALYSIS

In Michigan, a crime victim has a constitutional "right to restitution." Const 1963, art 1, § 24. The right to restitution is further set forth in both section 16 of the Crime Victim's Rights Act, MCL 780.766, and in the general restitution statute, MCL 769.1a. Both statutes define "victim" as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission" of a crime. MCL 780.766(1); MCL 769.1a(1)(b). Further, both statutes provide that a sentencing court must order a defendant convicted of a crime to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction[.]" MCL 780.766(2); MCL 769.1a(2). Our Supreme Court has defined the phrase "full restitution" to mean "restitution that is complete and maximal." *Garrison*, 495 Mich at 365.

The trial court awarded restitution under subsection 4(c) of MCL 780.766, which provides:

> (4) If a crime results in physical or psychological injury to a victim, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:
>
> * * *
>
> (c) Reimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the crime.[4]

Turn first argues that because the Crime Victim's Rights Act does not expressly provide that restitution is available for a victim's use of accumulated sick, personal, and vacation time, Scramlin was not entitled to restitution for his lost time. However, subsections (3) through (5) of the Act enumerate a non-exhaustive list of types of restitution available under Michigan law. *Garrison*, 495 Mich at 369-370. Accordingly, the fact that the loss of accumulated sick, personal, and vacation time is not expressly listed is not dispositive. See *id*. at 369-370, 374 (ordering restitution for a crime victim's travel expenses even though travel expenses are not expressly listed in MCL 780.766(3) and MCL 769.1a).

Moreover, the time Scramlin used to recuperate from his injuries falls within the definition of "income loss" even though he was paid by his employer for the time he used. This Court has interpreted the word "income" as used in the Crime Victim's Rights Act to mean " '[t]he return in money from one's business, labor, or capital invested; gains, profits, salary, wages, etc.' " *People v Corbin*, 312 Mich App 352, 371; 880 NW2d 2 (2015), quoting *Black's Law Dictionary* (6th ed). Scramlin earned his accumulated sick, personal, and vacation time by

---

[4] Using nearly identical language, the general restitution statute also provides that "[i]f a felony, misdemeanor, or ordinance violation results in physical or psychological injury to a victim, the order of restitution may require that the defendant . . . [r]eimburse the victim . . . for after-tax income loss suffered by the victim as a result of the felony, misdemeanor, or ordinance violation." MCL 769.1a(4)(c).

working, and he was entitled to receive monetary compensation from his employer for any unused time. By using 112 hours of accumulated leave time, Scramlin lost the ability to use and be paid for taking that time in the future, and he lost the ability to be paid for that time upon termination of his employment. Thus, when Scramlin used his time he suffered a monetary loss.

Likewise, the restitution order does not entitle Scramlin to be paid twice for the same time because, although Scramlin's employer paid him the wages he would have earned if he had not used his accumulated time, Scramlin was not compensated by his employer for the loss of his accumulated leave time even though that time had monetary value.

The trial court did not abuse its discretion in awarding Scramlin restitution for income lost as a result of Turn's actions.

Affirmed.

/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly

-4-