COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SIR MICHAEL LONDON,

        Defendant-Appellant.

UNPUBLISHED
February 15, 2018

No. 334862
Berrien Circuit Court
LC No. 2015-005804-FH

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order of restitution. We affirm.

I. FACTS AND PROCEDURAL HISTORY

Defendant and his codefendant broke into the victim's home and stole her extensive collection of antique jewelry and other collectibles amassed over four decades. The victim testified at trial that at least 1,000 items were taken and, based on her years of experience in collecting, selling, and studying antiques, she approximated the total value of the stolen items at $30,000. The victim further testified that she had intended to sell the items as necessary as the sole means of funding her retirement. A few days after the theft, defendant sold a few of the stolen items to two local antique dealers, who both testified to their approximate value at trial. The victim recovered those items, but they comprised only a fraction of her collection.

Following jury trial, defendant was convicted of second-degree home invasion, MCL 750.110a(3), and receiving and concealing stolen property having a value of $1,000 or more but less than $20,000, MCL 750.535(3)(a). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 84 months to 270 months for home invasion and 36 months to 90 months for receiving and concealing stolen property. Defendant was also ordered to pay restitution totaling $31,220, of which $26,750 was apportioned to the victim.[1] Defendant appealed, challenging the scoring of offense variable (OV) 9 at sentencing

---

[1] Defendant was ordered to pay the remaining amount of restitution to the antique dealers and the victim's insurance company, which had covered damage done to the home.

and the restitution order. Defendant also filed a motion to remand for the purpose of allowing the trial court to develop a factual record regarding the two issues on appeal. This Court granted defendant's motion to remand to allow him to move for resentencing and to challenge the amount of restitution he was ordered to pay. *People v London*, unpublished order of the Court of Appeals, entered July 14, 2017 (Docket No. 334862). We retained jurisdiction for further review of the trial court's findings relating to the challenge to OV 9 and to the amount of restitution awarded. *Id*.

On remand, the trial court granted defendant's motion for resentencing and, on August 23, 2017, held an evidentiary hearing. The trial court rescored OV 9 at zero points, which reduced the minimum sentencing guideline range for the home invasion conviction of 50 to 125 months to 43 to 107 months. Even with the reduced guidelines range, the trial court resentenced defendant to the same prison terms.[2] At the evidentiary hearing, defendant conceded that the restitution awarded to the two antique dealers and the victim's insurance company was correct, and that his challenge was limited to the $26,750 he was ordered to pay the victim. Further, defendant argued the trial court could not order restitution in an amount that exceeds $20,000 because the jury found defendant guilty of concealing and receiving stolen goods in an amount that was less than $20,000. Additionally, defendant argued there was insufficient evidentiary support to order $26,750 in restitution. The trial court renewed its earlier order for restitution, concluding that a preponderance of the evidence supported the amount ordered because the victim, due to her experience in antique jewelry, was able to assign a reasonable value to the stolen items.

On appeal after remand, defendant's sole issue is his challenge to the $26,750 restitution order. Specifically, defendant argues (1) that the restitution amount cannot exceed $20,000 due to his conviction for receiving and concealing stolen property having a value of $1,000 or more but less than $20,000, and (2) the evidence at the hearing does not support the $26,750 valuation.

## II. STANDARD OF REVIEW

We review a trial court's calculation of a restitution amount for an abuse of discretion and its factual findings for clear error. *People v Foster*, 319 Mich App 365, 374; 901 NW2d 127 (2017) (quotation marks and citations omitted). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Turn*, 317 Mich App 475, 479; 896 NW2d 805 (2016) (citation omitted). A trial court's factual finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake. *Id*. at 478-479. We review de novo the trial court's application of

---

[2] Because defendant obtained the relief he requested on appeal as it relates to the scoring of OV 9, we need not address this argument further as it has become moot. See *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010) (stating that "a moot case is one which seeks to get . . . a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.") (quotation marks and citation omitted).

MCL 780.766(2) and other statutes authorizing the assessment of restitution. *People v McKinley*, 496 Mich 410, 414-415, 852 NW2d 770 (2014).

## III. ANALYSIS

"A crime victim's right to '[r]estitution is afforded both by statute and by the Michigan Constitution.' " *Foster*, 319 Mich App at 383, quoting *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003) and citing Const 1963, art 1, § 24 (alteration in original). Two Michigan statutes, MCL 769.1a and §16 of the Crime Victim's Rights Act, MCL 780.766, govern a trial court's order of restitution in felony cases in which a victim suffered a direct financial loss as a result of the commission of the crime. MCL 769.1a provides, in relevant part:

> (2) Except as provided in subsection (8), when sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

> (3) If a felony, misdemeanor, or ordinance violation results in damage to or loss or destruction of property of a victim of the felony, misdemeanor, or ordinance violation or results in the seizure or impoundment of property of a victim of the felony, misdemeanor, or ordinance violation, the order of restitution may require that the defendant do 1 or more of the following, as applicable:

> (a) Return the property to the owner of the property or to a person designated by the owner.

> (b) If return of the property under subdivision (a) is impossible, impractical, or inadequate, pay an amount equal to the greater of subparagraph (*i*) or (*ii*), less the value, determined as of the date the property is returned, of that property or any part of the property that is returned:

> (*i*) The fair market value of the property on the date of the damage, loss, or destruction. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value.

> (*ii*) The fair market value of the property on the date of sentencing. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value. [MCL 769.1a(2), (3)(a), (3)(b)(*i*), and (3)(b)(*ii*).]

Similarly, MCL 780.766 provides in relevant part:

> (2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other

penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. For an offense that is resolved by assignment of the defendant to youthful trainee status, by a delayed sentence or deferred judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, the court shall order the restitution required under this section.

(3) If a crime results in damage to or loss or destruction of property of a victim of the crime or results in the seizure or impoundment of property of a victim of the crime, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:

(a) Return the property to the owner of the property or to a person designated by the owner.

(b) If return of the property under subdivision (a) is impossible, impractical, or inadequate, pay an amount equal to the greater of subparagraph (*i*) or (*ii*), less the value, determined as of the date the property is returned, of that property or any part of the property that is returned:

(*i*) The fair market value of the property on the date of the damage, loss, or destruction. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value.

(*ii*) The fair market value of the property on the date of sentencing. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value. [MCL 780.766(2), (3)(a), (3)(b)(*i*), and (3)(b)(*ii*).]

In determining restitution under the Crime Victim's Rights Act, the trial court considers the amount of the loss sustained by the victim as a result of the offense and must resolve any dispute as to the proper amount or type of restitution by a preponderance of the evidence. See MCL 780.767(1) and (4). The amount of restitution to be paid by a defendant must be based on the actual loss suffered by the victim, *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012) (quotation marks and citation omitted), and the amount of the loss sustained by the victim "should be based upon evidence," *People v Guajardo*, 213 Mich App 198, 200; 539 NW2d 570 (1995).

Defendant first claims that the restitution ordered to the victim in this case—$26,750—is not supported by his conviction. He alleges that, because he was convicted of receiving and concealing stolen property $1000 or more but less than $20,000, any restitution awarded in excess of $20,000 is unconstitutional under *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), because the court must have based any amount in excess of $20,000 on facts which were never submitted to a jury or proven beyond a reasonable doubt. We disagree.

This Court recently considered this argument and held that because restitution is not a penalty, a defendant's Sixth Amendment right is not implicated. *Foster*, 319 Mich App at 389; 907 NW2d 127 (2017). Further, we have held that "[n]othing in *Lockridge* suggests that its reasoning [regarding sentencing guidelines] encompasses restitution orders entered in conjunction with sentencing." *People v Corbin*, 312 Mich App 352, 373 n 5; 880 NW2d 2 (2015). Moreover, the trial court in this case properly rejected this argument, finding that defendant was also convicted of second-degree home invasion, which does not require proof of any loss to the victim. For these reasons, the trial court did not abuse its discretion in ordering restitution in excess of $20,000.

Defendant also claims that the restitution amount ordered was not supported by a preponderance of the evidence because the value of the stolen items was "unverified."[3] We disagree.

"Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (quotation marks and citation omitted). At the evidentiary hearing following remand, the trial court rejected defendant's argument and renewed its original order for restitution, citing the victim's credibility and emphasizing her considerable experience and training in selling and buying antiques. The trial court made a point to differentiate her from other burglary victims in that because of her professional experience, she was more qualified than an average homeowner to assign a reasonable value to the stolen items. The trial court further noted that the victim testified there were more items missing than what she listed in the presentence investigative report and that she did not seek reimbursement for those items.

In making his argument, defendant analogizes his position as a defendant in a criminal case to that of an insurance company; specifically, he claims that because an insurance company is not required to pay out for unverified claims, he should be afforded the same consideration. Because there were no appraisals or receipts for the stolen items submitted to the trial court, defendant claims he is entitled to verification of their value before being ordered to pay restitution. Although defendant admitted at the evidentiary hearing it is possible that the value of the items recovered were not offset against the victim's $30,000 estimate, defendant acknowledged that he could not "come up with" any competing evidence to dispute the victim's estimate. The trial court did not err in weighing the evidence presented at the trial, i.e., the testimony from the victim, the two antique dealers, and the police officers, against defendant's complete lack of competing evidence.

Defendant fails to cite any case law in support of his argument, and he clearly misunderstands his role in this case. He is not an innocent insurer in a business afforded the

---

[3] Defendant tangentially alleges that trial counsel was ineffective for failing to object to the amount of restitution awarded at the original sentencing hearing, but because defendant was afforded the opportunity to renew, and argue, his objections at the evidentiary hearing following remand, we decline to address this issue.

contractual right of an itemized accounting for the stolen items, but rather a thief who stole and sold the victim's property. There was testimony at trial that defendant stole *four drawers* of jewelry and other collectables containing more than 1,000 items. In fact, defendant fled the scene of the crime in such haste, he left a jewelry box and several pieces of gold jewelry scattered on the porch. The victim described the stolen items in a detailed fashion, listing numerous categories of items, the quantity of the items, their nature, vintage, style, material composition, as well as other features that gave the trial court detailed information from which to assess the value of the items defendant stole from her. Moreover, although she was not qualified as an expert, the victim testified to her decades of experience buying, selling, and studying antiques. She further testified that, rather than save for retirement in a more traditional manner, she curated a collection of valuable items with the purpose of funding her retirement, actually referring to her collection as her "life savings." The responding police officer described the jewelry that was left on the victim's front porch. The antique dealers testified that the items they bought from defendant had thousands of dollars in value, which only constituted a fraction of the victim's entire collection.

Because many of the items defendant stole were not returned, the trial court was forced to rely on the victim's testimony regarding their approximate value. Further, these items were collectible antiques, and so their value was subject to increase or decrease depending on the demands within the antique market, particularly the antique jewelry market. In fact, the two antique dealers testified and assigned a range in value of the stolen items. Defendant presents no evidence on appeal to establish any basis to call the witnesses' testimonies into doubt or call into question the value of the majority of the stolen items, and he actually admitted at the evidentiary hearing that he had no further evidence to offer in support of his claim. We conclude the trial court's value determinations were supported by a preponderance of the evidence presented through the testimony of the victim and other witnesses, as well as the trial court's review of some of the recovered items. Therefore, the trial court's finding of $26,750 was not clearly erroneous or its order of restitution an abuse of discretion.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron

-6-