*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

REGINA LYNNE SPEARS-EVERETT,

       Defendant-Appellant.

FOR PUBLICATION
July 2, 2019

No. 341860
Kalamazoo Circuit Court
LC No. 2013-001188-FH

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

REDFORD, J. (*dissenting*).

Because I conclude the trial court did not abuse its discretion in its May 10, 2017 opinion and order or in its December 5, 2017 opinion from the bench, I respectfully dissent.

## I. FACTUAL & PROCEDURAL HISTORY OF CASE

The matter at bar is the result of the embezzlement of in excess of $150,000 by a licensed health care provider from an elderly patient. At her sentencing on September 2, 2014, defendant was ordered, *inter alia*, to pay restitution of $169,374.18, at a rate of $2,830 per month. Upon her release from jail, defendant began to pay $20 per month towards restitution.[1]

The record reflects that while on probationary status, and not incarcerated, defendant received income from employment or income from disability, which ranged from between $500 and $1,700 per month. The record likewise reflects that defendant's spouse had an income of between $4,600 and $4,700 per month. All monies of the household were completely intermingled with one another.

---

[1] In discussing restitution with her probation officer, it appears that defendant was told to at least pay something each month. Defendant paid $20 per month on a consistent basis. From the record on appeal, it appears that by May 23, 2017, defendant had paid a total of $1,034.99 in financial penalties; of which $582.60 was the total amount of restitution paid.

-1-

On August 4, 2016, a petition and order to show cause related to defendant's restitution payments was filed. In the ensuing nine months, the trial court conducted numerous hearings, took testimony, and gave all parties the opportunity to provide briefs as well as proposed findings of fact and conclusions of law.

On May 10, 2017, the court issued an 11-page Opinion & Order Regarding Probation Violation. On December 5, 2017, the court conducted a motion hearing on defendant's motion to modify restitution payment and issued an opinion regarding same.

## II. STANDARDS OF REVIEW

"A trial court's restitution order is reviewed for an abuse of discretion." *People v Turn*, 317 Mich App 475, 479; 896 NW2d 805 (2016) (citation omitted). "An abuse of discretion occurs when the trial court renders a decision that falls outside the range of principled decisions." *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012) (citation omitted). We review de novo questions of statutory interpretation. *Turn*, 317 Mich App at 479. When interpreting statutes, this Court's paramount goal is to discern and effectuate the Legislature's intent. *People v Sharpe*, 502 Mich 313, 326; 918 NW2d 504 (2018).

> If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. In so doing, we assign each word and phrase its plain and ordinary meaning within the context of the statute. [*Sharpe*, 502 Mich at 326-327 (quotation marks and citations omitted).]

This Court is precluded from reading anything into the language of an unambiguous statute that is not intended by the Legislature as reflected by its plain language. *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003).

## III. ANALYSIS

"Restitution in Michigan is afforded not only by statute, but also by Const 1963, art 1, § 24, which entitles victims of crime to restitution relief." *People v Grant*, 455 Mich 221, 229; 565 NW2d 389 (1997). Two statutes in Michigan provide authority for the trial court to order a defendant to pay restitution, the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq*. and Michigan's general restitution statute, MCL 769.1a. *People v Garrison*, 495 Mich 362, 365; 852 NW2d 45 (2014). MCL 769.1a provides in pertinent part:

> (2) Except as provided in subsection (8), *when sentencing a defendant* convicted of a felony, misdemeanor, or ordinance violation, *the court shall order*, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, *that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction* or to the victim's estate.

\* \* \*

-2-

(11) *If the defendant is placed on probation* or paroled or the court imposes a conditional sentence under section 3 of this chapter, any restitution ordered under this section shall be a condition of that probation, parole, or sentence. The court may revoke probation or impose imprisonment under the conditional sentence and the parole board may revoke parole *if the defendant* fails to comply with the order *and if the defendant has not made a good faith effort to comply with the order.* In determining whether to revoke probation or parole or impose imprisonment, the court or parole board shall consider *the defendant's employment status, earning ability, and financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.* [Emphasis added.]

A review of MCL 769.1a confirms that it is the defendant who bears the onus of satisfying the obligation to pay restitution arising from criminal conduct. See, e.g., MCL 769.1a(3) (specifying that certain requirements may be imposed on the *defendant* if the defendant's criminal conduct resulted in damage to or loss or destruction of property) (emphasis added); MCL 769.1a(4) (directing that the order of restitution may require specific obligations of a *defendant* if the criminal conduct resulted in physical or psychological injury to the victim) (emphasis added); MCL 769.1a(10) (directing that "restitution shall be made immediately. However, the court may require that the *defendant* make restitution under this section within a specified period or in specified installments.") (emphasis added.); MCL 769.1a(13) ("An order of restitution is a judgment and lien against all property of the *defendant* for the amount specified in the order of restitution.") (emphasis added.); MCL 769.1a(14) ("[a] *defendant* shall not be imprisoned, jailed or incarcerated for a violation of probation or parole or otherwise for failure to pay restitution as ordered under this section unless the court or parole board determines that the *defendant* has the resources to pay the ordered restitution and has not made a good faith effort to do so.") (emphasis added.)

Additionally, MCL 780.766, a provision of the CVRA, provides in pertinent part:

(2) Except as provided in subsection (8), *when sentencing a defendant convicted of a crime*, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, *that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.*

* * *

(11) *If the defendant is placed on probation or paroled* or the court imposes a conditional sentence as provided in section 3 of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.3, any restitution ordered under this section shall be a condition of that probation, parole, or sentence. The court may revoke probation or impose imprisonment under the conditional sentence and the parole board may revoke parole *if the defendant fails to comply with the order and if the defendant has not made a good faith effort to comply with the order.* In determining whether to revoke probation or parole or impose imprisonment, the court or parole board shall consider *the defendant's employment status, earning*

*ability, and financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.*

(12)   Subject to subsection (18), *a defendant who is required to pay restitution* and who is not in willful default of the payment of the restitution may at any time petition the sentencing judge or his or her successor to modify the method of payment.  If the court determines that payment under the order will impose a manifest hardship on the defendant or his or her immediate family, and if the court also determines that modifying the method of payment will not impose a manifest hardship on the victim, the court may modify the method of payment.

(13)   An order of restitution entered under this section remains effective until it is satisfied in full. *An order of restitution is a judgment and lien against all property of the defendant for the amount specified in the order of restitution.* The lien may be recorded as provided by law.  [Emphasis added.]

The applicable court rule, MCR 6.425(E)(3) also provides in pertinent part:

(a)  The court shall not sentence a defendant to a term of incarceration, nor revoke probation, for failure to comply with an order to pay money unless the court finds, on the record, that the defendant is able to comply with the order without manifest hardship and that the defendant has not made a good-faith effort to comply with the order.

(b)  Payment alternatives.  If the court finds that the defendant is unable to comply with an order to pay money without manifest hardship, the court may impose a payment alternative, such as a payment plan, modification of any existing payment plan, or waiver of part or all of the amount of money owed to the extent permitted by law.

(c)   Determining manifest hardship.   The court shall consider the following criteria in determining manifest hardship:

(*i*)  Defendant's employment status and history.

(*ii*)  Defendant's employability and earning ability.

(*iii*)  The willfulness of the defendant's failure to pay.

(*iv*)  Defendant's financial resources.

(*v*)  Defendant's basic living expenses including but not limited to food, shelter, clothing, necessary medical expenses, or child support.

(*vi*)  Any other special circumstances that may have bearing on the defendant's ability to pay.  [Emphasis added.]

-4-

On appeal, defendant claims that the wording of the trial court's order resulted in the invasion of her husband's financial assets and him being required to tender payment to honor her obligation to make restitution. My review of the extensive trial court record in relation to the plain language of MCL 769.1a, MCL 780.766, as well as MCR 6.424(E)(3), leads me to conclude that defendant is incorrect.

The trial court, in both its May 10, 2017 Opinion & Order and in its oral opinion from the bench on December 5, 2017, plainly required defendant, and defendant alone, to pay the restitution in this matter. In the December opinion the trial court opined:

> This Court finds the language in its May 10 order unambiguously directs Defendant and Defendant alone to make restitution payments, and that the family's income is merely the best measuring rod to determine what Defendant must pay.

> * * *

> The court record reflects the Defendant's income and expenses were comingled. When evaluating the totality of the Defendant's financial circumstances using the family's gross income was to this Court the most reasonable basis to calculate Defendant's monthly payment. That is not to say, as Defendant's seem to assert in the pleadings, that this Court has not considered the true income Defendant has at her disposal to pay restitution. Indeed, the Defendant's financial circumstances were completely considered pursuant to MCR 6.425 when this Court entered its May 10 order.

The trial court's conclusion is supported factually when a review of the order is mathematically analyzed. In the December 2017 hearing, the trial court stated that defendant had a monthly income of $900 and her husband $4,700 per month. Combining the two yields, amounts to $5,600 per month. Defendant's income is 16% of the household income.

Unlike the majority, respectfully, I do not conclude that the trial court committed error or abused its discretion. To the contrary, I believe the trial court carefully and correctly applied the law to the facts and issued an appropriate order. In my opinion, the trial court did not require restitution to be paid by anyone other than by defendant.

## IV. CONCLUSION

I would uphold the trial court's December 19, 2017 order denying defendant's motion seeking a modification of her restitution payment schedule, as well as the trial court's May 10, 2017 order addressing defendant's restitution payment schedule.

/s/ James Robert Redford