*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL JAMES BROWN,

        Defendant-Appellant.

UNPUBLISHED
April 27, 2023

No. 360132; 363314
Genesee Circuit Court
LC No. 19-046074-FC

Before: GADOLA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

Defendant pleaded guilty to carjacking, MCL 750.529a; unarmed robbery, MCL 750.530; and malicious destruction of property of $20,000 or more, MCL 750.377a(1)(a)(*i*), as part of a *Cobbs*[1] agreement. In Docket No. 360132, defendant appeals by leave granted the June 21, 2021 judgment of sentence challenging the trial court's award of restitution. In Docket No. 363314, defendant appeals by leave granted the June 21, 2022 judgment of sentence challenging the trial court's jurisdiction to sentence defendant for his carjacking conviction and probation violations while the appeal in Docket No. 360132 was pending before this Court. In both consolidated cases, we affirm.

## I. FACTS

On October 11, 2019, Patricia Peabody and her sister escorted their 91-year old father, Douglas Smith, to Hurley Medical Center (Hurley) to attend a dedication ceremony. Peabody drove a black Cadillac XT5 to valet parking at Hurley. As Patricia attempted to help Smith out of the Cadillac and into a wheelchair, defendant got into the driver's seat of the Cadillac. A valet attendant struggled unsuccessfully to remove defendant from the car. Peabody reached through the car and attempted to prevent defendant from putting the car in drive. Defendant put the Cadillac in drive and, knocking Peabody to the ground and with Smith still inside the car and his legs protruding from the open passenger car door, defendant drove the car through a gate onto

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Hurley's grounds, down stairs and through another gate, hitting a bench and lamppost, and crossing a street before crashing against a fence. During the incident, Smith hit his head and his legs were injured by the car door. Defendant fled. He later was arrested and bound over on charges of carjacking, unarmed robbery, and malicious destruction of property of $20,000 or more. An insurance claim for the damage to the Cadillac was submitted to Auto-Owners Insurance Company (Auto-Owners) after the incident; Auto-Owners provided a market valuation report for the Cadillac after the crash, appraising the loss at $29,980.

Defendant and the prosecution engaged in plea negotiations, and the trial court ultimately agreed to a *Cobbs* agreement that required defendant to plead guilty to all charges with the understanding that the trial court would impose a probationary sentence during which defendant would participate in Macomb County's Mental Health Court Program. During the plea negotiations, the prosecution discussed on the record the restitution requested on behalf of Hurley.

Defendant pleaded guilty to carjacking, unarmed robbery, and malicious destruction of property of $20,000 or more as part of the *Cobbs* agreement. On June 21, 2021, the trial court sentenced defendant to concurrent terms of 48 months' probation for the unarmed robbery and malicious destruction convictions. Pursuant to MCL 771.1, the trial court held in abeyance sentencing defendant on the carjacking conviction while defendant participated in the Mental Health Court Program. The trial court ordered defendant to pay fees and to pay restitution to Auto-Owners for damage to the Cadillac in the amount of $29,980. Over defendant's objection, the trial court also ordered defendant to pay restitution to Hurley for damage to their premises in an amount to be decided. On behalf of Hurley, the prosecution sought restitution in the amount of $20,795.90, and the trial court directed the prosecution to provide documentation to support the request within 30 days.

Defendant moved to amend the judgment of sentence challenging the award of restitution. The trial court denied the motion in part, finding that the prosecution provided sufficient evidence at sentencing to support the ordered restitution to Auto-Owners of $29,980. Because the prosecution did not provide evidentiary support for Hurley's restitution request, however, the trial court granted defendant's motion in part, vacating the ordered restitution with respect to Hurley. This Court thereafter granted defendant leave to appeal the judgment of sentence.[2]

Defendant violated his probation by failing to comply with the Mental Health Court Program. During the probation violation hearing, the trial court acknowledged defendant's pending appeal in Docket No. 360132, but concluded that the pending appeal did not impact the trial court's determination of defendant's probation violation. The trial court sentenced defendant on June 21, 2022 to 81 months to 12 years in prison for the carjacking conviction, with credit for 734 days served. On June 22, 2022, defendant pleaded guilty to violating the terms of his probation for his convictions of unarmed robbery and malicious destruction of property; the trial court revoked defendant's probation and sentenced him to time served for those convictions.

---

[2] *People v Brown*, unpublished order of the Court of Appeals, entered March 3, 2022 (Docket No. 360132).

Defendant moved to correct his sentence under MCR 7.208(B)(1), arguing that the trial court lacked jurisdiction to sentence him for his carjacking conviction and probation violations because his appeal in Docket No. 360132 was pending before this Court. The trial court denied the motion, finding that the pending appeal regarding restitution did not deprive it of jurisdiction to sentence defendant on his carjacking conviction and probation violations. This Court granted defendant leave to appeal and consolidated the appeals.[3]

## II. DISCUSSION

### A. *COBBS* AGREEMENT

Defendant contends that the trial court erred by ordering restitution because restitution was not part of his *Cobbs* plea agreement. We review an order of restitution for an abuse of discretion and review the trial court's factual findings underlying the order of restitution for clear error. *People v Foster*, 319 Mich App 365, 374; 901 NW2d 127 (2017). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or when it makes an error of law. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). Clear error exists when we are left with a definite and firm conviction that the trial court made a mistake. *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). We review de novo questions of statutory interpretation. *Id*.

In Michigan, a plea agreement generally is either a *Killebrew* plea or a *Cobbs* plea. In a *Killebrew* plea, the trial court's role is limited to consideration of the bargain between the prosecutor and the defendant. See *People v Killebrew*, 416 Mich 189, 194; 330 NW2d 834 (1982). In a *Cobbs* plea, the trial court's role is expanded and the trial court may preliminarily articulate on the record the sentence that appears appropriate for the charged offense based upon the court's initial assessment. *Cobbs*, 443 Mich at 283. A defendant who enters into a plea agreement waives certain constitutional rights; the waiver of these rights must be voluntary and with full knowledge of the consequences of the plea for it to be valid under the Due Process Clause. *People v Jaworski*, 387 Mich 21, 30; 194 NW2d 868 (1972). Thus, in a *Cobbs* plea, if the trial court determines that it will not adhere to its initial sentencing assessment, the defendant is entitled to withdraw his or her plea. See MCR 6.310(B)(2)(b).

In this case, defendant contends on appeal that under the *Cobbs* agreement the preliminary sentence evaluation did not address restitution, which was then imposed upon defendant without notice at the time of the plea. Defendant argues that the order of restitution must be stricken because due process requires the plea agreement to be specifically enforced. We disagree.

Crime victims have a right to restitution under the Michigan Constitution. Const 1963, art 1, § 24; *People v Turn*, 317 Mich App 475, 479; 896 NW2d 805 (2016). In addition, restitution is mandated by statute. *Id*. MCL 769.1a(2) provides:

---

[3] *People v Brown*, unpublished order of the Court of Appeals, entered November 9, 2022 (Docket No. 363314).

(2) Except as provided in subsection (8), when sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

Similarly, MCL 780.766(2), part of the Crime Victim's Rights Act (CVRA), 780.751 *et seq.*, provides, in relevant part:

(2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. . . .

Because restitution is statutorily mandated, it is not an issue open to negotiation during the plea-bargaining or sentence-bargaining process. Rather, defendants are on notice that restitution, by virtue of being statutorily mandated, will be part of their sentences. *People v Ronowski*, 222 Mich App 58, 61; 564 NW2d 466 (1997). By entering into a plea agreement, a defendant implicitly agrees to pay restitution in an amount accurately determined by the court. *People v Bell*, 276 Mich App 342, 347; 741 NW2d 57 (2007). Regardless of whether defendant's *Cobbs* agreement in this case explicitly stated that restitution would be part of the sentencing order, defendant had notice that restitution was statutorily mandated and would be imposed by the trial court.[4] The trial court therefore did not fail to follow the *Cobbs* agreement by ordering defendant to pay restitution.[5]

## B. RESTITUTION

Defendant also contends that there was insufficient evidence on the record to establish defendant's obligation to pay restitution or to support the amount of restitution ordered. Specifically, defendant argues that (1) the restitution ordered by the trial court does not have a direct causal relationship to the criminal act in this case, and (2) the amount of the restitution was not properly established. Again, we review an order of restitution for an abuse of discretion. *Foster*, 319 Mich App at 374.

Before the trial court, the prosecution sought restitution for Auto-Owners and Hurley. At sentencing, the trial court reviewed the information contained in the presentence investigation

---

[4] We observe that during at least one pretrial hearing, the prosecution stated on the record it would seek restitution in excess of $20,000 from defendant for the amount owed to Hurley, with no objection from defendant.

[5] We also observe that when a trial court determines not to abide by a *Cobbs* evaluation, a defendant's remedy is withdrawal of his or her plea, not the striking of the order to pay restitution as requested by defendant. See *Cobbs*, 443 Mich at 283; MCR 6.310(B)(2)(b).

report (PSIR) and the accompanying documentation[6] and concluded it was proper to grant Auto-Owners $29,980 in restitution. The trial court awarded restitution to Hurley contingent upon the prosecution providing evidentiary support for Hurley's $20,795.90 request within 30 days. The trial court thereafter granted in part defendant's motion to amend the judgment, determining that Hurley was not entitled to restitution because the prosecution did not timely provide documentary support for the request. The trial court denied defendant's motion with regard to the restitution owed to Auto-Owners.

As discussed, MCL 769.1a(2), and MCL 780.766(2), require a trial court to order "full restitution to any victim of the defendant's course of conduct that gives rise to the conviction." The Legislature's intent when enacting the CVRA was to shift the burden of loss arising from criminal conduct from the victim to the perpetrator; the statute is liberally construed to effectuate this intent. *People v Allen*, 295 Mich App 277, 282; 813 NW2d 806 (2011). A victim only may recover, however, "for losses factually and proximately caused by the defendant's offense." *People v Corbin*, 312 Mich App 352, 369; 880 NW2d 2 (2015). To determine whether a defendant's actions proximately caused the victim's injuries, the trial court should consider whether the victim's injury was a "direct and natural result" of the defendant's actions. *Id.* at 369 (quotation marks and citation omitted). The focus is on what a victim lost because of the defendant's criminal activity. *In re White*, 330 Mich App 476, 483; 948 NW2d 643 (2019). A victim is "an individual who suffers direct or threatened physical, financial, or emotional harm" and includes a "legal entity that suffers direct physical or financial harm as a result of a felony, misdemeanor, or ordinance violation." MCL 769.1a(1)(b); MCL 780.766(1). A reimbursing insurer qualifies as a victim for purposes of restitution. *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012); See also *Bell*, 276 Mich App at 347 (An insurance company may be awarded restitution under the CVRA for money paid to a victim for a defendant's criminal act).

Defendant argues that the restitution ordered by the trial court does not have a direct causal relationship to the criminal act in this case. We disagree. Defendant carjacked Patricia Peabody's car, driving away in the car with 91-year Douglas Smith inside, then driving the car through a gate onto Hurley's grounds, driving down stairs, hitting a bench and lamppost, and crashing through another gate and into a fence. Defendant admitted this conduct and pleaded guilty to carjacking, unarmed robbery, and malicious destruction of property of $20,000 or more. The record thus supports the finding that defendant's course of conduct resulted in his convictions and that the damage to the Cadillac was a direct and natural result of defendant's actions. Auto-Owners qualifies as a victim as a reimbursing insurer. Based on the evidence presented and defendant's admissions, the trial court did not abuse its discretion when it determined that Auto-Owners was entitled to restitution.

Defendant also argues that there was insufficient evidence to support the amount of restitution awarded, and that he is entitled to an evidentiary hearing regarding the amount of restitution. MCL 780.767 provides:

---

[6] The trial court also relied on documentation from the Victim's Advocate Office detailing Auto-Owners' support for their requested restitution.

(1) In determining the amount of restitution to order under [MCL 780.766], the court shall consider the amount of the loss sustained by any victim as a result of the offense.

(2) The court may order the probation officer to obtain information pertaining to the amounts of loss described in subsection (1). The probation officer shall include the information collected in the presentence investigation report or in a separate report, as the court directs.

(3) The court shall disclose to both the defendant and the prosecuting attorney all portions of the presentence or other report pertaining to the matters described in subsection (1).

(4) Any dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney.

The amount of restitution must be based upon the actual loss suffered by the victim. *Fawaz*, 299 Mich App at 65. The prosecution has the burden to establish the proper amount of restitution by a preponderance of the evidence. MCL 780.767(4); *Fawaz*, 299 Mich App at 65. However, only an actual dispute properly raised at sentencing triggers the need to resolve the dispute by a preponderance of the evidence. *People v Grant*, 455 Mich 221, 243; 565 NW2d 389 (1997). Further, absent a timely objection by the defendant, the trial court is not required to hold an evidentiary hearing on the amount of restitution, nor to make express findings on the record regarding the amount of restitution. *Id*. "A judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *Id*. at 233-234.

In this case, defendant did not object at sentencing to the amount of restitution requested by Auto-Owners, and therefore was not entitled to an evidentiary hearing. See *id*. at 243. Absent a challenge at the sentencing hearing, the trial court was entitled to rely on the amount of restitution recommended in the PSIR and other documentation. *Id*. at 233-234. The trial court therefore did not abuse its discretion by awarding restitution based upon the unchallenged documentation.[7]

## C. JURISDICTION

Defendant contends that the trial court lacked jurisdiction to sentence defendant for his carjacking conviction and his probation violations while his appeal in Docket No. 360132 was

---

[7] The prosecution requests remand to the trial court for an evidentiary hearing on Hurley's request for restitution, in effect seeking reversal of the trial court's denial of Hurley's request for restitution. We decline to reach this issue; the prosecution did not file a cross-appeal and may not now obtain a decision more favorable than that afforded by the trial court. See *People v Erickson*, 339 Mich 309, 324; 983 NW2d 419 (2021), remanded on other grounds 509 Mich 960 (2022).

-6-

pending before this Court. Defendant argues that under MCR 7.208 the trial court was not permitted to set aside or amend the June 2021 judgment of sentence. We disagree.

Whether a trial court properly exercised subject-matter jurisdiction is a legal question that we review de novo. *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021). We also review de novo the interpretation of court rules, and apply the same principles that govern statutory interpretation. *People v Martinez*, 307 Mich App 641, 647; 861 NW2d 905 (2014). The unambiguous language of court rules is enforced as written. *Id*.

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *Washington*, 508 Mich at 121 (citations and quotation marks omitted). MCR 7.208 states, in relevant part:

> (A) Limitations. After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from except
>
>> (1) by order of the Court of Appeals,
>>
>> (2) by stipulation of the parties,
>>
>> * * *
>>
>> (4) as otherwise provided by law.
>
> In a criminal case, the filing of the claim of appeal does not preclude the trial court from granting a timely motion under subrule (B). [MCR 7.208(A).]

Thus, under MCR 7.208(A)(4), the trial court may set aside or amend a judgment or order that is on appeal as otherwise provided by law. MCL 771.1(2) provides in relevant part:

> (2) In an action in which the court may place the defendant on probation, the court may delay sentencing the defendant for not more than 1 year to give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the defendant's rehabilitation, such as participation in a drug treatment court . . . . *The delay in passing sentence does not deprive the court of jurisdiction to sentence the defendant at any time during the period of delay*. [Emphasis added.]

MCL 771.4(5) states in relevant part:

> (5) Subject to the requirements of section 4b of this chapter, the court may investigate and enter a disposition of the probationer as the court determines best serves the public interest. *If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made*. [Emphasis added.]

MCL 771.1(2) authorizes the trial court to sentence defendant at *any time* during the one-year period of delay, and MCL 771.4(5) authorizes the trial court to sentence defendant for probation violations in the same manner as it would have during the original imposition of defendant's sentences. In this case, within the time frame of MCL 771.1, the trial court sentenced defendant for his carjacking conviction after he failed to comply with the terms of the Mental Health Court Program. The trial court also revoked defendant's probation for his unarmed robbery and malicious destruction of property convictions during the 48-month probationary period. Because the trial court's actions were authorized under MCL 771.1 and MCL 771.4, the trial court's actions were not precluded by MCR 7.208. See *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018) ("[A]nother law need not grant jurisdiction specifically for judgments pending on appeal to qualify as an exception under MCR 7.208(A)(4). Rather, a statute satisfies MCR 7.208(A)(4) when the Legislature has authorized continuing jurisdiction to amend or modify a final judgment.")

Defendant also argues that the trial court did not have jurisdiction to sentence him for his probation violations because his appeal in Docket No. 360132 automatically stayed the trial court's proceedings. No stay has been issued in Docket No. 360132, however, and under MCR 7.209 there is no automatic stay. MCR 7.209(A)(1) provides as follows:

> Except for an automatic stay pursuant to MCR 2.614 or MCL 600.867, or except as otherwise provided under this rule, *an appeal does not stay the effect or enforceability of a judgment or order of a trial court unless the trial court or the Court of Appeals otherwise orders*. An automatic stay under MCR 2.614(D) operates to stay any and all proceedings in a cause in which a party has appealed a trial court's denial of the party's claim of governmental immunity. [Emphasis added.]

In addition, the subject matter of defendant's appeal in Docket No. 360132 (restitution) did not greatly alter the course of the case before the trial court relating to the sentencing after defendant's probation violations. See *People v Johnson*, ___ Mich App ___ ; ___ NW2d ___ (2022) (Docket No. 361698); slip op at 5-6. (Our Supreme Court's exercise of jurisdiction over a separate but related superintending control complaint did not divest the trial court of subject-matter jurisdiction to resentence the defendant because the subject matter of the pending appeal did not "greatly alter the course of the case," and the trial court and appellate court were not exercising jurisdiction over the same aspects of the case). Here, defendant's appeal in Docket No. 360132 addressed only issues related to the restitution award imposed during defendant's June 2021 sentencing; that appeal was unlikely to greatly alter the course of his case before the trial court relating to his sentencing after his probation violations, and this Court and the trial court were not exercising jurisdiction over the same aspects of the case.

Affirmed.

/s/ Michael F. Gadola
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney